# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PNC EQUIPMENT FINANCE, LLC,      Case No. 1:12-cv-236

    Plaintiffs,     Weber, J.
v.     Bowman, M.J.

AERO TOY STORE, LLC, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

**I. Factual and Procedural Background**

On March 21, 2012, Plaintiff, PNC Equipment Finance, LLC, filed this breach of contract action against five business entities and two individual defendants: Mayer Shirazipour and Gabrielle Shirazipour. The complaint generally alleges that Plaintiff provided financing for the purchase of several aircraft and a yacht by Defendants Aero Toy Store and/or Global 9017, and that the remaining Defendants are all guarantors of the debt owed to PNC. (Doc. 1). Plaintiff alleges that all Defendants are in default, based upon the failure of Aero Toy Store and Global 9017 to pay all principal and interest owed, and the Defendant Guarantors' failure to uphold their respective obligations. Plaintiff seeks entry of a judgment in excess of $30.5 million in principal and interest.

On May 7, 2012, the five Entity Defendants filed an Answer and Counterclaim.[1] The Counterclaim alleges that Plaintiff wrongfully repossessed and sold the yacht for less money than the sum that Defendant Aero Toy Store, LLC would have obtained had it been permitted to sell the same collateral. As a result of the allegedly premature repossession and sale of the yacht by Plaintiff, Defendants allege that the damages sought by Plaintiff for the alleged default were increased. (Doc. 22 at 17-18).

On May 22, 2012, summons forms were returned as "executed" as to Defendants Gabrielle and Mayer Shirazipour. (Docs. 23, 24). The "proof of service" on the forms reflects that each summons was "served" by leaving it with "Susan (Comptroller)" at Aero Toy Store in Fort Lauderdale, Florida. Despite the alleged service, on June 7, 2012, the two individual Defendants filed a motion to dismiss based upon insufficient service of process.

Plaintiff has filed a response in opposition to the Defendants' motion. On July 17, 2012 and on July 25, 2012, the record reflects that new summons forms were returned unexecuted as to the individual Defendants, upon whom service was attempted by certified mail sent to a residential address in Fort Lauderdale, Florida. (Docs. 39, 43).

In addition to the pending motion to dismiss for lack of service filed by the individual Defendants, Plaintiff has moved to strike the Entity Defendants' demand for a jury trial. (Doc. 27). Defendants have filed a response in opposition, to which Plaintiff has filed a reply.

---

[1] The five Defendants hereinafter referred to as the "Entity Defendants" are: Aero Toy Store, LLC, Morris Shirazi, Inc., Global 9017, Ltd, AGRND 09, LLC, and MXRS 09, LLC.

Last, on August 15, 2012, the individual Defendants filed a second motion to dismiss for lack of service.

On July 19, 2012, the presiding district judge referred all pretrial matters in this case to the undersigned magistrate judge, with instructions to address the disposition of all dispositive motions through a Report and Recommendation. (Doc. 40). Pursuant to that order of reference, I now recommend that both of Defendants' motions to dismiss (Docs. 26, 44) be denied, and that Plaintiff's motion to strike Defendants' jury demand (Doc. 27) be granted. In addition, by separate order filed herewith, the Court will *sua sponte* extend Plaintiff's time to perfect service on the individual Defendants.

**II. Analysis**

**A. The Individual Defendants' Motions to Dismiss**

On June 7, 2012, the two individual defendants, Mr. and Mrs. Shirazipour, through counsel, filed a motion to dismiss all claims against them based upon improper and ineffective service of process. Defendants point out that the original summons forms filed of record, that purport to reflect service on Defendants, in fact reflect only service upon the Comptroller for Aero Toy Store, LLC at the business address for that entity. Pursuant to Rule 4(e)(2), Fed. R. Civ. P., an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally," by leaving a copy at the individual's residence with a person of "suitable age and discretion who resides there," or by "delivering a copy ...to an agent authorized...to receive service of process." *Id.* In support of the motion to dismiss, Susan Grobbel, Comptroller for Aero Toy Store, LLC, has filed an affidavit that confirms that she has no actual authority,

nor did she represent to the process server hired by Plaintiff that she had authority, to accept service of process on behalf of the individual Defendants.

In response to Defendants' motion, Plaintiff concedes that the original summons forms, reflecting service only on the Comptroller for Aero Toy Store, LLC, were ineffective as a matter of law to establish effective service under Rule 4(e)(2).

Federal Rule of Civil Procedure 4(e)(1) also renders effective service of process that is perfected under state law "in the state where the district court is located," or in the state "where service is made." Thus, despite the failure of effective service under Rule 4(e)(2), service can still be perfected under Rule 4(e)(1), to the extent that Plaintiff perfects service under either Ohio or Florida law. Under Ohio law, a Complaint may be served upon an individual personally, or to the individual's residence by certified or express mail. Ohio Rules of Civil Procedure Rule 4.3(B). If service is attempted by certified or express mail and "the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served." Rule 4.3(B)(1). Under Florida law, service may be made upon an individual "by leaving the copies [of the summons and complaint] at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." F.S.A. § 48.031(1)(a).

There is no dispute that the original summons left at the business address of Aero Toy Store, rather than at the residence of the individual Defendants, was not

effective to achieve service under either Ohio or Florida law.  However, Plaintiff opposes dismissal on grounds that at the time the motion was filed on June 7, 2012, Plaintiff had ample time remaining in which to perfect service by one of the alternate methods permitted under state or federal law.

Plaintiff is correct, insofar as Rule 4(m) permits service to be made within 120 days of the date a complaint is filed.   That 120 day period did not expire until July 19, 2012.   Rule 12(b)(5) authorizes dismissal for failure of proper service of process, but only if it is clear that no service of process has been made within the requisite 120 day period.  When a motion to dismiss for failure of service is filed prior to the expiration of the 120 day period, as Defendants' motion was in this case, courts will generally deny that motion as premature.  *See generally* Fed. R. Civ. P. 12(b)(5); *Becker v. Wilkinson*, Case No. 2:05-cv-908, 2006 LEXIS 95826, at *3 (August 3, 2006); *Sayyah v. Brown County Bd. Of Comm'rs*, Case No. 1:05-cv-16, 2005 LEXIS 15226, at *5 (S.D. Ohio, April 29, 2005); *see also Candido v. District of Columbia*, 242 F.R.D. 151, 161 (D.C. 2007)(holding that defense is not available prior to expiration of 120 day period).

Consistent with its response, Plaintiff requested issuance of new summons forms for the two individual defendants and retained a new process server "to effectuate personal service on the Defendants at their home."   (Doc. 36 at 3).   Plaintiff also requested copies of the summons and Complaint to be served by the Clerk of this Court "via certified or express mail." The Complaint was in fact sent via certified mail to the presumed residence of the individual Defendants on June 21, 2012.  (Doc. 34).  Plaintiff urges this Court to deny Defendants' motion both as premature at the time it was filed,

and because Plaintiff "is diligently attempting to effectuate proper service upon the Individual Defendants." (Doc. 36 at 4). While not expressly seeking an extension of time for service, Plaintiff requests that this Court "permit [Plaintiff] to continue its efforts to effectuate proper service, and grant such other relief as this Court may deem just and proper." (*Id*.).

Unfortunately for Plaintiff, the record reflects that, following the filing of Plaintiff's response to Defendants' motion to dismiss, the attempted service by certified mail was returned as unexecuted. (Docs. 39, 43). Thus, it is unclear from the present record whether the Plaintiff has yet perfected service on the individual Defendants. However, consistent with Plaintiff's request that this Court grant such relief as it deems proper, the Court will extend time for service based upon the facts related in Plaintiff's response. Those facts include: (1) that defense counsel (who filed the motion to dismiss on the individual Defendants' behalf) originally informed Plaintiff's counsel that she would not be representing Mr. and Mrs. Shirazipour and for that reason alone, would not accept service on their behalf,[2] and (2) that the individuals live in a large home with a gate and security system that precluded the attempt of the process server to effectuate personal service at their residence. *See generally Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)(holding that a defendant's deliberate attempts to evade service, among other reasons, constitutes "good cause" for extending the time for service); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405 (S.D. Ohio

---

[2] "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999).

2003)(holding that a court may extend time for service even without a showing of "good cause.").

After this Court had completed its consideration of Defendants' first motion to dismiss but prior to the docketing of this Report and Recommendation, the Court was alerted to the fact that the individual Defendants had filed a second motion to dismiss, on August 15, 2012. That motion reiterates the grounds asserted in Defendants' first motion, but adds as an additional basis for dismissal the fact that Plaintiffs were recently unsuccessful in achieving service by mail. For the reasons stated herein, and because the Court had already deemed it appropriate to extend the time in which Plaintiffs can serve the individual Defendants, Defendants' second motion to dismiss also should be denied.

### B. Motion to Strike Jury Demand

Plaintiff also has filed a motion to strike the Entity Defendants' Jury Trial demand, included in the Answer and Counterclaim of those Defendants. Under Rule 39(a), Fed. R. Civ. P., no federal right to a jury trial exists in cases where the parties have knowingly and voluntarily waived that right. The two Master Mortgages and individual Guaranty agreements at issue in this case each contain a jury waiver provision that states that every Entity Defendant has waived its right to a trial by jury, so long as the claims arose under the referenced documents. There is no dispute in this case that the entities are sophisticated business entities with experience entering into commercial contracts. In fact, Defendants do not presently dispute that they knowingly and voluntarily acceded to the "Waiver of Jury Trial" provisions contained in the referenced

documents.  The waiver provision in the two "Master Mortgage" documents states that each party to those agreements "EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY LAWSUIT OR PROCEEDING RELATING TO THIS AGREEMENT OR ARISING IN ANY WAY FROM THE NOTE OR OTHER AGREEMENT OR TRANSACTIONS INVOLVING THE BORROWER AND LENDER."  A similar provision in each Guaranty agreement states that each Guarantor "EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY LAWSUIT OR PROCEEDING RELATING TO THIS GUARANTY OR ARISING IN ANY WAY FROM THE NOTE OR MORTGAGE AGREEMENT OR TRANSACTIONS INVOLVING THE BORROWER AND LENDER."

Having conceded that the waiver provisions were entered into knowingly and voluntarily, the Entity Defendants oppose enforcement solely on grounds that the scope of the waiver does not encompass their counterclaim.  In other words, Defendants describe the Counterclaim as beyond the scope of the financing agreements.  As depicted in Defendants' response to Plaintiff's motion, the Counterclaim "concerns Plaintiff's tortious actions in wrongfully repossessing the Yacht in violation of an agreement, whereby Plaintiff agreed to allow Aero Toy Store, LLC to list and sell the Yacht for a definite time period."  Plaintiff asserts that this allegedly unrelated "agreement" regarding the sale of the Yacht was memorialized by emails between the parties, which contain no express jury waiver provisions. (Doc. 37 at 3; *see also* Doc. 37-1, 37-2).  As the Entity Defendants point out, the United States Supreme Court held more than 75 years ago that, in construing waivers, "courts indulge every *reasonable* presumption against waiver" when such fundamental constitutional rights as the right to

trial by jury are at issue.  *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937)(emphasis added).

The problem is that Defendants' interpretation is not reasonable.  Defendants' Counterclaim is inexorably linked to the Loan Documents and Guaranties at issue in this case.  The email "agreement" to permit Defendants to market and sell the yacht appears to concern the sale of the yacht "for PNC," as part of negotiations to resolve the Defendants' outstanding loan obligations.  In the emails, PNC's alleged agent expresses reluctance to be "locked into" a lengthy listing agreement to sell the yacht, and refers to PNC's intention to pursue "all rights and remedies under the agreements" should a particular issue not be resolved.  (Doc. 37-1 at 2).  The jury waivers signed by each Defendant clearly and expressly waive "any lawsuit or proceeding relating to...or arising in any way from..." the loan agreements.  On the facts presented, any satellite agreement that concerned maximizing proceeds from the sale of the collateral yacht arises out of, and closely relates to, the alleged default under the financing agreements.  The Counterclaim seeks to reduce the amount alleged by Plaintiff as recoverable for the default.  Therefore, Plaintiff's motion to strike Defendants' jury demand should be granted.  *Accord Painting Co. v. Walsh/Demaria Joint Venture III*, Case No. 2:09-cv-183, 2010 WL 1027424 (S.D. Ohio, March 12, 2010)(holding that a jury waiver provision in a contract between the subcontractor and the contractor also extended to the subcontractor's action against the sureties, because the waiver provision contained language extending the waiver to "any or all disputes or claims arising out of or in relation to" the contracts); *see also Baumgardner v. Bimbo Food Bakeries Distribution,*

*Inc.*, 697 F. Supp.2d 801, 819 (N.D. Ohio 2010)(holding that the party objecting has the burden of demonstrating that its consent to waiver was not knowing and voluntary, and that courts in the Sixth Circuit have held that such waivers are applicable even to tort claims if those claims "arise out of and relate to" the contract).

### III. Recommendations

Accordingly, **IT IS RECOMMENDED THAT**: (1) Defendants' two motions to dismiss for insufficient service of process (Docs. 26, 44) be **DENIED** without prejudice; and (2) the motion to strike Defendants' demand for a jury trial on their Counterclaim (Doc. 27) be **GRANTED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, | Case No. 1:12-cv-236 |
| Plaintiffs, | Weber, J. |
| v. | Bowman, M.J. |
| AERO TOY STORE, LLC, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).